IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GARY WAYNE HELMS                                                                   PLAINTIFF

vs.                         Civil No. 4:14-cv-04043

CAROLYN W. COLVIN                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Gary Wayne Helms ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for DIB on September 21, 2011. (Tr. 10, 110-111). Plaintiff alleged he was disabled due to degenerative disc disease and ruptured discs. (Tr. 122). Plaintiff alleged an onset date of June 17, 2011. (Tr. 10, 110). This application was denied initially and again upon reconsideration. (Tr. 10). Thereafter, Plaintiff requested an administrative hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

on his application and this hearing request was granted. (Tr. 67).

Plaintiff's administrative hearing was held on April 26, 2013. (Tr. 22-56). Plaintiff was present and was represented by counsel, Jim Wyly, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Mary May testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-one (51) years old and had a high school education. (Tr. 26, 53).

On May 31, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 10-18). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 12, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 17, 2011. (Tr. 12, Finding 2).

The ALJ determined Plaintiff had the severe impairment of cervical disc disease, lumbago, hypertension, and obesity. (Tr. 12, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-16). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform a wide range of light work, however, he could not climb ropes, ladders, or scaffolds; could perform other postural functions such as climbing ramps or stairs, balancing, stooping, crouching, kneeling, and crawling only occasionally; could not perform overhead reaching; should avoid hazards such as unprotected heights, fast moving machinery, sharp objects, open flames, and concentrated exposure to vibration; and should not be required to understand, remember,

2

or carry out complex instructions. (Tr. 13).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 16, Finding 5). The ALJ found Plaintiff unable to perform his PRW. *Id.* The ALJ however determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 17, Finding 9). The VE testified at the administrative hearing regarding this issue. (Tr. 54-58). Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as a routing clerk with 57,000 such jobs in the Arkansas and 687,000 such jobs in the nation, sorter with 900 such jobs in the Arkansas and 40,000 such jobs in the nation, and masker with 4,400 such jobs in the Arkansas and 235,000 such jobs in the nation. (Tr. 17). Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from June 17, 2011 through the date of his decision. (Tr. 18, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 4). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On March 21, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 27, 2014. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8, 9. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. <u>Discussion:</u>

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8, Pg. 3-8. Specifically, Plaintiff claims the ALJ erred: (1) in the credibility determination of Plaintiff, (2) in the RFC determination of Plaintiff, and (3) in failing to give proper treatment to the opinions of Plaintiff's treating physician. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 9. Because this Court finds the ALJ erred in the treatment of the opinions of a treating physician, this Court will only address this issue.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating

5

physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

On July 12, 2011, Plaintiff underwent an MRI of his cervical spine, which revealed multilevel spondylosis with disk extrusions or significant protrusions at particularly the C3-4 through C5-6 levels creating cord impingement and foraminal stenosis. (Tr. 14, 176-77). On August 2, 2011, Dr. Marc Smith reviewed the MRI and performed a physical examination of Plaintiff. (Tr. 197). Dr. Smith informed Plaintiff he had significant stenosis at multiple levels, and surgery was a very good option. (Tr. 197-198). Dr. Smith also informed Plaintiff that even if he chose not to have surgery, anatomically he could go back to working, but he very well may have a significant amount of pain. (Tr. 197-198).

On November 1, 2011, Plaintiff underwent a follow-up examination by Dr. Smith. (Tr. 197). Dr. Smith stated Plaintiff was reluctant to undergo surgery for his cervical spondylosis and was receiving conservative treatment. (Tr. 197). Dr. Smith found Plaintiff could not perform duties in which he had to lift overhead, lift anything over about 20 pounds, look up, bend, twist, or stand, all of which cause exacerbation of his symptoms. (Tr. 196).

In discussing Dr. Smith's opinions, the ALJ stated he did not assign much weight to Dr. Smith's limitations. (Tr. 15). The ALJ felt Dr. Smith's limitations were based on Plaintiff's statements and were inconsistent with other findings. *Id.* The ALJ gave no further analysis of why he gave Dr. Smith's limitations less weight.

Plaintiff also argues the ALJ ignored the opinion of Dr. Russell Mayo and nurse practitioner Janice Sample. In correspondence dated August 25, 2011, and signed by Ms. Sample and Dr. Mayo, it is stated Plaintiff was permanently unable to work in any capacity that required strenuous lifting

6

over 20 pounds or lifting overhead, and looking up, bending, twisting, and standing for long periods of time. (Tr. 179). The ALJ made no findings or even mentioned these findings in his opinion. Defendant, in briefing, argues other than Dr. Mayo's signature on this opinion, there is nothing in the record to indicate he treated Plaintiff or oversaw Ms. Sample's treatment of Plaintiff and although signed by Dr. Mayo, the opinion at issue is actually from Ms. Sample, a nurse practitioner who is not an acceptable medical source. ECF No. 9, Pg. 10. To begin with, none of these reasons were mentioned in the ALJ's decision, and furthermore, they are pure speculation on the part of Defendant.

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id.* (internal quotation and citation omitted). In this matter, the ALJ's complete lack of analysis and review certainly does not amount to "good reasons" for discounting Dr. Smith's findings. *See Brown,* 611 F.3d at 951-52. The ALJ has completely failed to discuss and analyze the opinions of Dr. Smith other than to say they are inconsistent with the medical record. Further, the ALJ completely ignored Dr. Mayo's findings.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Plaintiff's treating physician, Dr. Smith and Dr. Mayo. Because the ALJ did not properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of these opinions.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **9th day of March 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE